UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

DAVID JASON GOODE,         )
                           )
    *Plaintiff*,            )
                           )    No.: 1:15-CV-80-HSM-WBC
v.                         )
                           )
QUALITY CORRECTIONAL       )
HEALTHCARE, et al.,        )
                           )
    *Defendants*.           )

## MEMORANDUM OPINION

Before the Court is a *pro se* prisoners' civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. It appears from the application that Plaintiff lacks sufficient financial resources to pay the $350.00 filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, plaintiff is allowed to proceed in this action without the prepayment of costs or fees or security therefor. For the reasons stated below, however, process shall not issue and this action will be **DISMISSED**.

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss those that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999).

> Responding to a perceived deluge of frivolous lawsuits, and, in particular, frivolous prisoner suits, Congress directed the federal courts to review or "screen" certain complaints sua sponte and to dismiss those that failed to state a claim upon which relief could be granted, that sought monetary relief from a defendant immune from such relief, or that were frivolous or malicious.

*Id.* at 1015–16 (6th Cir. 1999) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992); *see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

According to the complaint, plaintiff began breaking out with a rash and hives all over his body five to six months ago, while he was incarcerated. Plaintiff has seen the medical personnel at the jail numerous times for this issue and has been charged for these medical visits, but has gotten no results. Plaintiff requested "outside medical skin graphs [sic]" and received a skin graft on March 4th. The results of that graft were inconclusive, and no other graft has been taken. Plaintiff alleges that Lynn Roe, an employee of the Bradley County Sheriff's Department, threatens him with solitary confinement due to his condition, and that Judge Donahue refused outside treatment

2

Case 1:15-cv-00080-HSM-WBC   Document 5   Filed 04/29/15   Page 2 of 7   PageID #: 17

because plaintiff cannot pay for it. Plaintiff seeks treatment by a skin care specialist/dermatologist, reimbursement for his medical treatment at the jail, and "possibly to file a claim for pain and suffering." Plaintiff has sued the Bradley County Sherriff's Office, Quality Correctional Healthcare, Dr. Bates (whom plaintiff states is the jail's attending doctor), and Eric Watson (whom plaintiff alleges is the supervisor of jail lieutenants and staff).

### 1. **Bradley County Sheriff's Office**

Bradley County Sheriff's Office is not a suable entity within the meaning of 42 U.S.C. § 1983. *Monell v. Department of Social Services*, 436 U.S. 658, 688-90 (1978); *see*, *e.g.*, *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (a police department is not an entity which can be sued under § 1983), *Smith v. Ritter*, No. 1:12-CV-417, 2013 WL 3753984, at *4 (E.D. Tenn., July 15, 2013), *Ambrose v. Knight*, No. 3:13-CV-376, 2013 WL 3430840, at *1 (E.D. Tenn. July 8, 2013), *Banner v. Hamblen County Sheriff's Department*, No. 2:09-CV-122, 2012 WL 1565385, at *2 (E.D. Tenn. April 30, 2012; *Johnson v. Anderson*, No. 2:07-CV-161, 2008 WL 4093352, at *3 (E.D. Tenn. August 28, 2008); *Vega v. Harville*, No. 3:07-CV-287, 2008 WL 1840742, at *2 (E.D. Tenn. April 23, 2008); *Maroney v. Ward*, No. 3:08-CV-38, 2008 WL 509532, at *1 (E.D. Tenn. February 22, 2008). Accordingly, any allegations against Bradley County Sheriff's Office fail to state a claim upon which relief may be granted and Bradley County Sheriff's Office is therefore **DISMISSED** from this lawsuit.

### 2. **Denial of Medical Care**

While the complaint contains no direct factual assertions involving Quality Correctional Health Care or Dr. Bates, construing the complaint liberally, plaintiff appears to allege that these defendants have failed to provide him with proper medical

3

care. A prison authority's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97 (1976). Prison medical personnel or officials may be deliberately indifferent to a prisoner's serious medical needs "in their response to a prisoner's needs" or by "interfer[ing] with treatment once prescribed." *Estelle,* 429 U.S. at 104–5. Also, "a prisoner who suffers pain needlessly when relief is readily available has a cause of action against those whose deliberate indifference is the cause of his suffering." *See Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir. 1998) (citing *Boretti v. Wiscomb,* 930 F.2d 1150, 1154–55 (6th Cir.1991)); *see also Estelle*, 429 U.S. at 103 ("[T]he denial of medical care may result in pain and suffering which no one suggests would serve any penological purpose").

Where a prisoner receives some medical care and the dispute is over its adequacy, however, "federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976). By the same token, a difference of opinion between medical care providers as to appropriate treatment for an inmate's ailment does not present a constitutional controversy. *Estelle*, 429 U.S. at 105–6; *see also Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir.1997) (finding that a disagreement between prison physician and physician who originally prescribed medications is not of constitutional magnitude).

Plaintiff does not allege that he has been denied medical treatment at the jail. Rather, plaintiff alleges that, despite multiple medical visits and a skin graft, medical personnel have not yet cured his rash, and have denied plaintiff's request for blood work. Based on these allegations, it is clear that plaintiff disagrees with the course of medical treatment provided to him at the jail, for which he attempts to hold these defendants liable under § 1983. Plaintiff's disagreement with his course of medical

4

treatment does not establish a denial of a federal right. Accordingly, the complaint fails to state a cognizable claim under § 1983 as to these defendants and they will be **DISMISSED**.

### 3. Respondeat Superior

Plaintiff makes no allegations as to defendant Watson, but rather appears to assert that he is liable for the acts in the complaint based upon his position as a jail supervisor. In a suit brought under § 1983, liability cannot be imposed solely on the basis of respondeat superior. *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). The law is well settled that a plaintiff must allege that a defendant official was personally involved in the unconstitutional activity of a subordinate in order to state a claim against such a defendant. *Dunn v. State of Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982). "[L]iability cannot be based solely on the right to control employees." *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989). Likewise, a supervisor cannot be held liable for a mere failure to act. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002) (stating that "[s]upervisory liability under § 1983 does not attach when it is premised on a mere failure to act; it 'must be based on active unconstitutional behavior'" (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999))); *see also Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (finding that knowledge of a prisoner's grievance and a failure to respond or remedy the complaint was insufficient to impose liability on supervisory personnel under § 1983). As plaintiff does not allege any active unconstitutional behavior on the part of Eric Watson, the complaint fails to state a plausible § 1983 claim against him and he will be **DISMISSED**.

As the complaint fails to state a cognizable § 1983 claim against any defendant, this action will be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Because plaintiff is an inmate in the Bradley County Justice Center, he is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; or

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum and Order to the Sheriff of Bradley County to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee. The Clerk is further **DIRECTED** to forward a copy of this Memorandum and Order to the Court's financial deputy.

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

A separate judgment will enter.

**SO ORDERED**.

                                    */s/ Harry S. Mattice, Jr.*
                                  HARRY S. MATTICE, JR.
                                  UNITED STATES DISTRICT JUDGE